Harold A. and Irene Lennox, Husband and Wife v. Commissioner.
Lennox v. Commissioner
Docket No. 80366.
United States Tax Court
T.C. Memo 1960-222; 1960 Tax Ct. Memo LEXIS 68; 19 T.C.M. (CCH) 1244; T.C.M. (RIA) 60222; October 17, 1960
Harold A. Lennox, pro se, 3844 W. 157 St., Cleveland, Ohio. William C. Kollas, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioners' income tax for the year 1957 in the amount of $311. Petitioner, Harold A. Lennox, who lives in Cleveland, Ohio, appeared pro se and filed a petition alleging error in one adjustment whereby respondent had disallowed a loss of $800 which he had taken on his 1957 income tax return, filed with the district director of internal revenue in Cleveland. The facts were all stipulated and they are found accordingly. In the early part *69 of 1957 Lennox, an employee of the New York Central Railroad, lived in Erie, Pennsylvania. Because of a consolidation of the Erie Division with the Cleveland Division of the railroad, Lennox was required to move to Cleveland. On June 19, 1957, he entered into a purchase agreement to buy a home in Cleveland but his wife refused to sign a mortgage for an insurance company loan. On September 27, 1957, after Lennox and his family had lived in the house a few months, he executed a contract of rescission with the owner of the house. The contract rescinded his earlier purchase agreement and provided Lennox vacate the house and make certain payments, amongst them being $800 commission to two real estate brokers. It is this $800 payment which petitioner paid and sought to deduct that is here involved. Petitioner argued his move to Cleveland was under compulsion of his employer and, since his income was from salary, an expense growing out of the move to Cleveland, such as this, would be deductible from his salary income, presumably under section 162, Internal Revenue Code of 1954, as a trade or business expense. The payment of the $800 was clearly the payment of a personal *70 living or family expense within the provisions of section 262, Internal Revenue Code of 1954, which specifically provides such items are not deductible. The item related to the acquisition of a house for a residential purpose for Lennox and his family. The $800 payment was not deductible as a business expense under section 162 of the Code of 1954. Decision will be entered for the respondent.